CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 03 2010

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:10CR00002 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| GARY LEE RIMMER, | ) | |
| | ) | |
| | ) | By:  B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury returned a two-count Superseding Indictment charging defendant in Count One with knowingly distributing child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1); and in Count Two with knowingly possessing material containing images of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), namely digital images that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that were produced using materials that had been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

On July 30, 2010, a plea hearing was conducted before the undersigned, and pursuant to the terms of the Plea Agreement, the defendant entered a plea of guilty to Counts One and Two of the Superseding Indictment. At this hearing the defendant was placed under oath and testified his full

legal name is Gary Lee Rimmer, he was born on October 28, 1954, and he graduated from high school. The defendant stated that he can read, write, and understand the English language. The defendant stated that he was fully aware of the nature of the charges against him and the consequences of pleading guilty to those charges. The defendant testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held.

The defendant testified that he had received a copy of the Superseding Indictment pending against him, and that he had fully discussed the charges therein and any defenses thereto, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that, apart from the terms of a Plea Agreement he had executed with the government, which was filed with the court, no one had made any representations to him. Moreover, no one had made promises, assurances, threats or coerced him in any way in an effort to induce his plea or his execution of the Plea Agreement. The defendant testified that he understood that Counts One and Two are felonies, and if his plea is accepted, he will be adjudged guilty of those offenses.

The defendant acknowledged that the maximum statutory penalty for Count One is a $250,000 fine and/or imprisonment for a term of twenty years, together with a term of supervised release. There is a mandatory minimum sentence of imprisonment for a term of five years, and there is a mandatory minimum term of supervised release of five years and a maximum term of life. The defendant acknowledged that the maximum statutory penalty for Count Two is a $250,000 fine and/or imprisonment for a term of ten years, together with a term of supervised release. There is a mandatory minimum term of supervised release of five years and a maximum term of life. The defendant was further informed that parole has been abolished, and that if he is sentenced to prison, he will not be released on parole, but on supervised release, a violation of which could result in

2

additional incarceration. The defendant was informed that pursuant to the Sex Offender Registration and Notification Act, he must register and keep his registration current. Finally, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 per felony count of conviction.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that the Sentencing Guidelines are no longer mandatory, but the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. The defendant stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him, or any recommendation by the government, and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant acknowledged it was agreed that the 2009 edition of the United States Sentencing Guidelines was applicable to his offenses. The defendant further acknowledged that, in the Plea Agreement, it had been stipulated that the following Sentencing Guidelines were applicable to his conduct: 2G2.2(a)(2), 2G2.2(b)(2), 2G2.2(b)(3)(F), 2G2.2(b)(6) and 2G2.2(b)(7)(A). The defendant was informed that the government had agreed not to seek a higher distribution enhancement under USSG § 2G2.2(b)(3) and not to seek a sentence enhancement under USSG § 2G2.2(b)(4). The defendant stated that he understood that, contingent upon his acceptance of

responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the Plea Agreement, the government would recommend a two-level (2) reduction under USSG § 3E1.1(a), and, if applicable, the government would move that he be given an additional one-level (1) reduction under USSG § 3E1.1(b). The defendant stated that he was aware that if he fulfilled his obligations under the Plea Agreement the government would recommend a sentence within the applicable guideline range. The defendant also stated that he understood that even if he fully cooperates with law enforcement, the government is under no obligation to file a motion for substantial assistance, and if the government makes the motion, it is up to the court to determine how much of a departure, if any, should be made.

The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of his case. The defendant also acknowledged his consent to the abandonment, official use and/or destruction of anything seized by law enforcement during the investigation of his case. The defendant confirmed his agreement to pay restitution for the entire scope of his criminal conduct, and that he would make good faith efforts toward payment of any mandatory fines, assessments and restitution imposed. The defendant agreed he would submit a financial statement, if called upon to do so, and he would not convey anything of value without authorization from the government. The defendant agreed that, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties imposed by the Court would be due immediately and subject to immediate enforcement. The defendant agreed to fully participate in inmate employment under any available or recommended programs operated by the Bureau of Prisons, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

The defendant acknowledged that he was waiving his right to have a jury determine beyond

a reasonable doubt the facts alleged in the Superseding Indictment, including any facts related to sentencing. The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify on his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

The defendant testified that he understood that under the terms of the agreement he was waiving rights to appeal or collaterally attack his conviction or sentence. The defendant stated he was aware that the government had retained its rights to appeal.

The defendant also testified that he understood that he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. The defendant stated that he was satisfied with the advice and representation given to him in this case by his counsel, and that he believed the representation had been effective. The defendant asked the court to accept his plea of guilty to Counts One and Two and then tendered his plea of "Guilty" to Counts One and Two of the Superseding Indictment.

## THE GOVERNMENT'S EVIDENCE

The evidence presented in the government's Factual Summary[1] is as follows: In 2006, the defendant, Gary Lee Rimmer, while living in Greene County, Virginia, and when he was 51 or 52-years-old, met online a minor girl (then approximately 13 years old) who lived in Florida. Rimmer claimed

---

[1] The government's Factual Summary was amended orally in open court.

to be a 20-year-old man named "Jason," and posted images of a young man online claiming that they were his images. The girl represented herself on her MySpace page as being 18-years-old. However, Rimmer learned early on that she was a minor. During 2006 and 2007, Rimmer and the girl engaged in numerous communications. They chatted online and via cellular phone about getting involved in a relationship, including a sexual relationship. Rimmer told her that he would move to Florida. "Jason" and the Florida girl both had profiles on MySpace.

During this time period, Rimmer mailed the girl a vibrator, lubricant, a doll, and other things. He sent her online images of a penis (determined not to be his own). The girl transmitted to Rimmer online pornographic images of herself including close-up images of her vagina with the vibrator inserted. Investigators with the Virginia State Police decided to do a search warrant at Rimmer's home and learned just prior to the planned execution that Rimmer had moved to Covington, Virginia. They executed a search warrant in Covington on February 14, 2008, and seized Rimmer's computer.

On the day of the search, Rimmer was interviewed by investigators. In part, Rimmer admitted that the computer was his, that he posed as a 20-year-old boy, and that he communicated online with the Florida girl. He stated that he sent images of someone else's penis to the girl. He also claimed that the girl requested a vibrator and he sent one to her. He claimed that the girl originally told him that she was 18 years old and that her MySpace page said the same. He admitted that at some point he learned that she was under 16. He stated that she sent him pornographic images of herself. He said he had not used his computer since moving to Covington in or about October 2007. However, he did have phone contact with the Florida girl after he moved there.

Sexually explicit images of the Florida girl and child pornography images depicting other girls were recovered from his computer. Rimmer had saved on his computer images of child pornography including the pornographic images of the Florida girl. Search terms associated with child pornography were also found on his computer. A forensic examination of the computer additionally revealed that on

6

July 9, 2007, Rimmer had distributed child pornography to a person located outside of Virginia during a chat session using a Yahoo Messenger user account associated with Rimmer's computer. During this chat session, Rimmer sent three images, one of which is a known image of child pornography. The conversation in the chat log centered around sexual interest in and sexual activity with minor girls and apparent discussion concerning the appearance of girls depicted in traded images.

The National Center for Missing and Exploited Children identified some of the minors depicted in the images of child pornography that were recovered from Rimmer's computer as girls from outside the Commonwealth of Virginia. Rimmer's computer was manufactured outside the Commonwealth of Virginia.

The investigation of this case began in Florida when the Florida girl's stepfather contacted law enforcement officers in Florida, who subsequently contacted the Virginia State Police when the investigation revealed that "Jason's" phone number was listed as Rimmer's phone number.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One and Two of the Superseding Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept

the defendant's plea of guilty to Counts One and Two of the Superseding Indictment. The undersigned DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for November 1, 2010 at 10:00 a.m. before the presiding District Judge in Charlottesville.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____

United States Magistrate Judge

August 3, 2010

Date

8