IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:10-CR-2 |
| | ) | |
| GARY LEE RIMMER | ) | |


SENTENCING MEMORANDUM

I.   Introduction.

Defendant faces sentencing after pleading guilty on July 30, 2010, to one count of distributing child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(b) and (b)(2).

II.  Factual and Procedural History.

Defendant came to the attention of law enforcement in July 2007 after a Florida man reported to the Citrus County Sheriff's Office ("CCSO") that his 14-year-old step-daughter K.P. had received pornography via the internet from a 20-year-old man living in Virginia.  The CCSO interviewed K.P., who confirmed that she had been talking to a 20-year-old man named Jason Johnson, who lived in Virginia.  K.P. further said that she had been talking to Johnson for about a year, and that he had sent her items in the mail, including a vibrator, a tube of personal lubricant, clothing, a

card, and a doll.  She said that her conversations with Johnson became more sexual in nature since roughly March 2007, and that Johnson sent her pornographic images, including images of a penis which Johnson said was his.  K.P. had received other images from Johnson which supposedly were also of him, and depicted a young man whose face was visible.

K.P. further advised that she took pictures of herself using the vibrator and sent them to Johnson, as well as using the vibrator while on the telephone with Johnson.  According to K.P.'s mobile telephone bill, she used approximately 18,000 minutes during May 2007.

The CCSO examined K.P.'s computer, as well as her mobile phone, and identified defendant Rimmer as "Jason Johnson."  The CCSO contacted the Virginia State Police, which executed a search warrant at defendant's home in Covington on February 14, 2008, and seized the defendant's computer.  A forensic examination of the defendant's computer concluded, *inter alia*, that he knowingly possessed and distributed child pornography.  The defendant used the email address "jjloveskp@yahoo.com" while communicating with K.P.

Defendant Rimmer spoke about his own misconduct to law enforcement, first on February 14, 2008.  He admitted to having communicated with K.P. via the internet and the telephone, and said that he had used the Yahoo! address "jjloveskp" and sent K.P.

2

photographs of a young white man, as well as photographs of another man's genitalia, and at least two packages, containing a card, a shirt, a doll or stuffed animal, and a vibrator.  The defendant said that K.P. sent him photographs as well.

The defendant admitted that some of the conversations between him and K.P. were sexual in nature, and that K.P. said she loved him, and he told her the same.  He further said that K.P. told him she was 18 years old and that her MySpace page said the same, but that he learned at some point that she was really under 16 years old because she was just learning to drive.  The defendant admitted that he continued to communicate with K.P. even after she said she was under 18 years old.  In a telephone conversation between the undersigned, the investigators, and K.P., in June 2010, K.P. indicated that the defendant knew early on that she was a minor and that images of her were sent to the defendant after that point.

The Presentence Report (PSR) sets forth a written statement submitted for the purpose of accepting responsibility.  In that statement, the defendant claims that he did not ask K.P. to send the pictures and implies, without specifically stating, that he received the images of K.P. at a time that he believed her to be 18.  It should be noted, however, that during a May 14, 2009, interview at the U.S. Attorney's Office, the defendant spoke a second time with law enforcement about his conduct (with his prior counsel present).  During this interview, the defendant admitted:

that he knew he would likely meet younger and underage girls through the use of a profile of a 20-year old male; that his sexual conversations with K.P. continued after learning she was only 15-years old; and that he didn't ask for pictures of K.P. "at first" but when she asked if he wanted more, he said he did. The defendant further indicated that he may have asked her for sexually explicit images.

III. <u>Context for Sentencing.</u>

In his plea agreement, the defendant has stipulated that certain sentencing enhancements under U.S.S.G. §2G2.2 should apply to him. If these enhancements are applied, and three levels are removed for acceptance of responsibility, defendant's resulting Criminal History Point range is 27. With a Criminal History Category of I, defendant's resulting Guideline range is 70-87 months, as set forth in the PSR.

The United States recommends a sentence between the middle and high end of the Guidelines range, along with lifetime supervised release.

IV. <u>The United States' Position.</u>

Defendant has admitted his knowing distribution and possession of child pornography depicting prepubescent minors. Defendant's child-pornography conduct has taken a real toll on children. Indeed, the Victim Impact Statement provided by one of the identified minors in the images he possessed explains, in a child's

own words, how the child's awareness of her continued exploitation injures her every day.

The defendant's communications with K.P. are more difficult to analyze.  Defendant has admitted that, at some point during their communications, he became aware that K.P. was under 16 years old. Using an email address that itself was a declaration of love for K.P., defendant impersonated a more age-appropriate suitor and misrepresented himself to K.P., taking advantage of her vulnerability and lack of experience.  In sentencing the defendant, the Court should also consider this odious conduct, which falls outside the basis for conviction, but remains relevant.

Applying the factors set out at 18 U.S.C. § 3553(a), the Court is to consider the nature and circumstances of the offense, and the history and characteristics of the defendant.  Defendant has displayed a willingness to harm children by collecting and sharing images depicting their sexual abuse.  His interactions with K.P. are just as disturbing, as he lied to her, professing love and misrepresenting his identity to her while receiving sexual images and communications from her.  Although defendant has no criminal history, he has harmed children and poses a future danger to them, and his sentence should address this.  Lifetime supervised release will help to prevent future harm by the defendant, whether via the internet or otherwise, after his imprisonment.

A term of imprisonment between the middle and high end of the

Guidelines range reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.  Such a sentence functions as a deterrent to criminal conduct, and is not out of line with sentences handed down to defendants with similar records found guilty of similar conduct.

Defendant claims in his sentencing memorandum that the Guidelines range in this case is "greater than necessary" to achieve the goals of 18 U.S.C. § 3553(a).  What the defendant omits, however, is that § 3553(a) first states that the sentence must be "sufficient" to meet those goals.  As set forth above, this defendant was not a passive child pornography consumer.

In his sentencing memorandum, filed today, the defendant cites various cases upholding challenges to the child pornography guidelines and that state that the child pornography guidelines are flawed.  The undersigned intend to respond to these arguments during the sentencing hearing.[1]  It should be noted that other cases and courts, not cited by the defendant in his memorandum, have rejected such attacks and have supported and have discussed the propriety of sentences imposed under the child pornography guidelines.  See, e.g., United States v. Cunningham, 680 F.Supp.2d 844 (N.D.Oh 2010); United States v. Johnson, 2010 WL 4008882 (Slip

---

[1] The undersigned also intend to introduce into evidence at the sentencing hearing one or more chat logs (or excerpts of such chat logs), including the chat log during which the distribution of child pornography charged in Count One occurred.

Copy E.D.Tex. 2010).  <u>Cf.</u> <u>United States v. Pugh</u>, 515 F.3d 1179, 1201 n.15 (11th Cir. 2008).

Finally, it also bears noting that many cases relied upon by defendants challenging the child pornography guidelines have accepted defense arguments that many or most defendants chart out near the statutory maximum sentence able to be imposed.  Not only is this argument flawed, <u>see</u> <u>Cunningham</u>, <u>supra</u>, but it is clear that such an argument is totally inapplicable in the present case because the defendant's 70-87 month range is far from the statutory maximum he faces (20 years for distribution and 10 years for possession).

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney


/s/Nancy S. Healey
Nancy S. Healey
Assistant United States Attorney
Virginia Bar No. 39447


/s/ James A. Silver
James A. Silver
Special Assistant United States
    Attorney
Trial Attorney
U.S. Department of Justice
Child Exploitation and
    Obscenity Section
District of Columbia Bar No. 478166

7

CERTIFICATE

I hereby certify that on 3rd day of November 2010, the forgoing Sentencing Memorandum was electronically filed with the Clerk of the United States District Court for the Western District of Virginia   using CM/ECF system.   This system   will send notification of such filing to Andrea L. Harris, Counsel for the defendant.

Respectfully submitted,

TIMOTHY J. HEAPHY
UNITED STATES ATTORNEY


s/ Nancy S. Healey
Nancy S. Healey
Assistant United States Attorney