AO 245B (Rev. 06/05 - VAW Additions 6/05) Judgment in a Criminal Case
Sheet 1

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
Charlottesville
NOV 17 2010
JULIA C. DUDLEY, CLERK
BY: /s/ Fay Coleman
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## Western District of Virginia

UNITED STATES OF AMERICA
V.
GARY LEE RIMMER

**JUDGMENT IN A CRIMINAL CASE**

Case Number: DVAW310CR000002-001

Case Number:

USM Number: 14228-084

Andrea Harris, Federal Public Defender
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count(s)  One and Two

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty,

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2252A(a)(2); 2252A(b)(1) | Distribution of Child Pornography | 7/9/07 | 1 |
| 18 U.S.C. § 2252A(a)(5)(B); 2252A(b)(2) | Possession of Child Pornography | 2/14/08 | 2 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/8/10
Date of Imposition of Judgment

/s/ Norman K. Moon
Signature of Judge

Norman K. Moon, United States District Judge
Name and Title of Judge

Nov. 17, 2010
Date

AO 245B    (Rev. 06/05 - VAW Additions 6/05) Judgment in Criminal Case
           Sheet 2 - Imprisonment

Judgment - Page __2__ of __6__

DEFENDANT: GARY LEE RIMMER
CASE NUMBER: DVAW310CR000002-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Sixty-Six (66) Months. This term consists of 66 months as to each of Counts One and Two, said terms to be served concurrently.

☒ The court makes the following recommendations to the Bureau of Prisons:

Defendant be to receive appropriate sex offender treatment while imprisoned.
Defendant to be incarcerated at the Petersburg, Virginia or Morgantown, West Virginia, Bureau of Prisons.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ ☐ a.m. ☐ p.m. on _____

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before _____ on _____

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05 - VAW Additions 6/05) Judgment in a Criminal Case
Sheet 3 - Supervised Release

| | | Judgment-Page 3 of 6 |
|---|---|---|
| DEFENDANT: | GARY LEE RIMMER | |
| CASE NUMBER: | DVAW310CR000002-001 | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Ten ( 10 ) Years. This term consists of 10 years as to each of Counts One and Two, to run concurrently.

### MANDATORY CONDITIONS OF SUPERVISION

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet on this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 06/05 - VAW Additions 6/05) Judgment in a Criminal Case
Sheet 3C - Supervised Release

DEFENDANT: GARY LEE RIMMER
CASE NUMBER: DVAW310CR000002-001

Judgment-Page __4__ of __6__

## SPECIAL CONDITIONS OF SUPERVISION

Defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
Defendant shall reside in a residence free of firearms, ammunition, destructive devices, or any other dangerous weapons.
Defendant shall submit to warrantless search and seizure of person and property as directed by the probation officer, to determine whether the defendant is in possession of child pornography and firearms.

1. The defendant must have no direct or indirect contact with the victim(s). The defendant must not associate with children under the age of eighteen (18) except in the presence of a responsible adult, who is aware of the nature of the defendant's background and current offense and who has been approved by the probation officer. Should the defendant have incidental contact with a child, the defendant must immediately withdraw from the situation and notify the probation officer within twenty-four (24) hours of this contact.
2. The defendant must participate in a mental health or sex offender treatment program as directed by the probation officer. The defendant must comply with all recommended treatment, which may include psychological or physiological testing, i.e., a polygraph, a plethysmograph, or an ABEL assessment. The defendant must maintain use of all prescribed medications.
3. The defendant must have all changes in residence and employment pre-approved by the probation officer five (5) days prior to any such change.
4. The defendant must not possess or use any form of pornography or erotica, nor enter any location where pornography or erotica can be accessed, obtained, or viewed, including electronically accessed materials.
5. The defendant must not possess any sexually oriented or stimulating material deemed inappropriate by the probation officer, or patronize any place where such material or entertainment is available.
6. The defendant must not reside in or visit any residence where minor children also reside without the approval of the probation officer.
7. The defendant must not view, purchase, or possess any images depicting minors, or actors representing themselves to be under the age of eighteen (18), engaged in sexual activity.
8. The defendant must not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of eighteen (18), except as approved by the probation officer.
9. The defendant must submit to a search of the defendant's person, property, house, residence, vehicle, papers, computer, and other electronic communication or data storage devices or media at any time, with or without a warrant, by any law enforcement or probation officer (in the lawful discharge of the probation officer's supervision functions) with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to such a search may be grounds for revocation. The defendant must warn any other residents or occupants that their premises or vehicles may be subject to search pursuant to this condition.
10. The defendant must submit to unannounced examination of the defendant's computer equipment by the probation officer, which may include retrieval and copying of all data from the computer to ensure compliance with this condition. In addition, the defendant must consent to the removal of such equipment for the purpose of conducting a more thorough investigation and must allow, at the discretion of the probation officer, installation on the defendant's computer any hardware or software system to monitor the defendant's computer use.
11. As required, the defendant must register with the state sex offender registration agency where the defendant will reside, work, carry on a vocation, or attend school. Following initial registration, the defendant must re-register as required by such state agency, and should the defendant move, the defendant must notify such state agency of the change in address.
12. The defendant must not loiter within 100 feet of any school property, playgrounds, arcades, childcare facilities, swimming pools, or other places primarily used by children under the age of eighteen (18).
13. The defendant must not rent a post office box or storage unit without prior approval of the probation officer.
14. The defendant must not form a romantic interest or sexual relationship with a person who has physical custody of any child under the age of eighteen (18).
15. The defendant must consent to third party disclosure to any employer or potential employer concerning any computer-related restrictions that are imposed upon the defendant.

AO 245B  (Rev. 06/05 - VAW Additions 6/05) Judgment in a Criminal Case
           Sheet 5 - Criminal Monetary Penalties

DEFENDANT: GARY LEE RIMMER                                    Judgment - Page   5   of   6
CASE NUMBER: DVAW310CR000002-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 200.00       | $        | $               |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| TOTALS            | $0.00           | $0.00                   |                            |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

  ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 13, 1996.

AO 245B    (Rev. 06/05 - VAW Additions 6/05) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

|  |  |
|---|---|
| DEFENDANT: GARY LEE RIMMER | Judgment - Page  6  of  6 |
| CASE NUMBER: DVAW310CR000002-001 |  |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, the total criminal monetary penalties are due immediately and payable as follows:

A    [X] Lump sum payment of $ 200.00 immediately, balance payable

       [ ] not later than _____ , or
       [ ] in accordance    [ ] C,    [ ] D,    [ ] E,    [ ] F or,    [ ] G below); or

B    [ ] Payment to begin immediately (may be combined with    [ ] C,    [ ] D,    [ ] F, or    [ ] G below); or

C    [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    [ ] During the term of imprisonment, payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ , or _____ % of the defendant's income, whichever is greater, to commence _____ (e.g., 30 or 60 days) after the date of this judgment; AND payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ during the term of supervised release, to commence _____ (e.g., 30 or 60 days) after release from imprisonment.

G    [ ] Special instructions regarding the payment of criminal monetary penalties:


Any installment schedule shall not preclude enforcement of the restitution or fine order by the United States under 18 U.S.C §§ 3613 and 3664(m).

Any installment schedule is subject to adjustment by the court at any time during the period of imprisonment or supervision, and the defendant shall notify the probation officer and the U.S. Attorney of any change in the defendant's economic circumstances that may affect the defendant's ability to pay.

All criminal monetary penalties shall be made payable to the Clerk, U.S. District Court, P.O. Box 1234, Roanoke, Virginia 24006, for disbursement.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.




[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:


Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.