IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | Civil Action No. 3:10cr00002 |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Norman K. Moon |
| GARY LEE RIMMER, | ) | United States District Judge |
|     Defendant. | ) | |
| | ) | |

Gary Lee Rimmer, a federal inmate proceeding *pro se*, has filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. ECF No. 123. Having reviewed the record, the court concludes that Rimmer's motion is barred by the statute of limitations. Accordingly, the court will dismiss the motion as untimely filed.

I.    BACKGROUND

In 2010, Rimmer pled guilty to one count of distributing child pornography and one count of possessing child pornography. ECF No. 29. The court sentenced Rimmer to 66 months on each count, to be served consecutively. ECF Nos. 43, 44. The court also sentenced Rimmer to a ten-year term of supervised release. *Id.*

On February 28, 2017, a revocation warrant was issued for Rimmer based on violations of Special Conditions four and seven. ECF No. 53. The government eventually moved to withdraw the violation report on August 4, 2017, and the court granted the motion. ECF Nos. 79, 80. The court issued an order to modify Rimmer's supervised release conditions on October 20, 2017. *See* ECF No. 88.

On September 24, 2019, another arrest warrant was issued for Rimmer based on Rimmer's arrest for solicitation of a minor in Albemarle County. ECF No. 92. Rimmer's

supervised release was revoked. ECF No. 121. On March 21, 2022, Rimmer was sentenced to eighteen months on the violations, to be served concurrently, but consecutive to the term imposed by Albemarle County Circuit Court, which was anticipated to be twenty years of imprisonment pursuant to a plea agreement, with fifteen years suspended. ECF No. 122. Another ten-year term of supervised release was imposed, to be served concurrently on each count and concurrently with any state supervision term. *Id.* Rimmer did not appeal. He is currently in state custody pursuant to the sentence imposed by Albemarle County Circuit Court.[1]

On January 19, 2024, the clerk received and docketed Rimmer's § 2255 motion. ECF No. 123. It was signed and placed in the prison mailing system on January 12, 2024, and therefore is deemed filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); Rule 3(d) of Rules Governing 28 U.S.C. § 2255 Proceedings. Rimmer challenges this court's eighteen-month sentence for the supervised release violations that was entered on March 21, 2022.

In his § 2255 motion, Rimmer argues his motion should be considered timely because he had "no idea" that he had one year to file his motion, or that the statute of limitations "even existed." ECF No. 123 at 12. He states that he was "under the influence" that he had two years according to his resources where he is incarcerated. *Id.*

On January 23, 2024, the court entered an order noting that Rimmer's § 2255 motion appeared to be untimely, but the court gave Rimmer the opportunity to provide any additional

---

[1] Even though he is in state custody, the court still has jurisdiction over this matter because the federal sentence is consecutive to the state sentence. "[C]ourts have uniformly held that petitioners still in state custody who have yet to begin serving a consecutive federal sentence may nevertheless challenge that federal sentence and are thus subject to the § 2255 statute of limitations." *Perry v. Warden Fort Dix FCI*, 609 F. App'x 725, 727 (3d Cir. 2015); *see also Ospina v. United States*, 360 F.3d 750, 752 (6th Cir. 2004) ("A prisoner is in custody for the purposes of § 2255 when he is incarcerated in either federal or state prison, provided that a federal court has sentenced him."); *United States v. Simmons*, 437 F.2d 156, 158–59 (5th Cir. 1971) (explaining that "§ 2255 is available to a prisoner in state custody attacking a [consecutive] federal sentence"). Consequently, a prisoner in state custody may bring a § 2255 motion challenging a federal sentence imposed consecutive to his state sentence.

argument or information concerning its timeliness. ECF No. 125. Rimmer did not file an additional response.

## II.  DISCUSSION

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some improper governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court, or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255(f). For purposes of the one-year limitations period under § 2255(f)(1), the defendant's conviction becomes final when the last appeal is decided or the time to file such an appeal expires. *United States v. Johnson*, 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir. 2000) (unpublished table decision); *cf. Clay v. United States*, 537 U.S. 522, 528 (2003) (holding that where a petition for certiorari is not filed after a court of appeals decision, the conviction is final when the time for filing the petition expires). As noted, judgment was entered against Rimmer on March 21, 2022. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i), Rimmer had until April 4, 2022, to file his notice of appeal. Because he did not appeal, his conviction and sentence became final on April 4, 2022, and he had until April 4, 2023, to file a timely § 2255 motion. Rimmer did not file his § 2255 motion until January 2024, nine months past the deadline as calculated under § 2255(f)(1).

Rimmer's only argument presented to the court pertaining to the limitations period is that he was unaware that he only had one year to file this motion. Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling of the limitations

period. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (collecting cases). The court therefore concludes that Rimmer's motion is barred by the one-year limitations period.

### III.  CONCLUSION

For the above reasons, the court will dismiss Rimmer's § 2255 motion as untimely filed. An appropriate order will be entered.

**ENTER:** This <u>6th</u> day of March, 2024.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE